UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-1706-JMB ) |
| KATIE HARRIS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented Plaintiff Kelly McSean, f/k/a Larry Bemboom, Jr., for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. The Court has reviewed the motion and the financial information provided in support, and has determined to grant the motion and assess an initial partial filing fee of $30.67. Additionally, the Court will partially dismiss the Complaint and direct the Clerk to effect service of process as to the First Amendment retaliation claim, and will deny without prejudice Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*.

In support of the instant motion, Plaintiff filed an inmate account statement that shows an average monthly deposit of $153.33, and an average monthly balance of $12.29. ECF No. 4. Therefore, the Court assesses an initial partial filing fee of $30.67, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged,

but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at the St. Francois County Detention Center ("Detention Center") in Farmington, Missouri. Because Plaintiff identifies herself as a transgender female, the Court will refer to her using feminine pronouns. Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against Katie Harris, R.N., in her individual capacity only. ECF No. 1 at 2.

Plaintiff asserts Nurse Harris had access to her Southeast Missouri Mental Health Center medical records and was aware plaintiff is transgender and suffering from gender dysphoria. *Id.* at 4. On or around November 30, 2023, Plaintiff claims Nurse Harris sent her a letter "on St. Francois County Detention Center Jail Stationary," in which she referred to plaintiff using male pronouns "as a means of intimidation."[1] *Id.* Plaintiff alleges the misgendering was "nothing less

---

[1] Plaintiff handwrote her Statement of Claim in all uppercase letters. When quoting the Complaint, the Court will use regular case.

3

than discrimination meant to belittle, harass, and humiliate on the basis of sex, which is sexual harassment. A (5th and 14th Amendment) violation of [her] rights to Due Process and Equal Protection under the law." *Id.* at 5. Plaintiff does not describe the contents or purpose of the letter.

Plaintiff filed a grievance against Nurse Harris. *Id.* Approximately two weeks later, Nurse Harris went to Plaintiff's cell, accompanied by her son who also works at the Detention Center, to inform Plaintiff that she would no longer assist plaintiff with her "Medicaid[] application" and returned the form to her. *Id.* Plaintiff can be understood to claim that Nurse Harris retaliated against her for exercising her First Amendment right to file a grievance.

Plaintiff describes her injuries as psychological and emotional distress, mental anguish, undue worry and stress, embarrassment, fear of authority figures, and increased anxiety. *Id.* at 8-13. She seeks monetary relief. *Id.* at 15-17.

**Discussion**

Plaintiff brings this action against Nurse Harris in her individual capacity only. Plaintiff alleges Nurse Harris violated her constitutional rights by referring to her with male pronouns in a letter, and by refusing to assist her in completing a Medicaid application solely because Plaintiff filed a grievance against her.

As to the first allegation, the Court cannot find that Plaintiff has stated a claim to support a constitutional violation. Plaintiff asserts Nurse Harris wrote her a letter in which Harris erroneously referred to Plaintiff using male pronouns. Plaintiff does not describe the contents or purpose of the letter. To the extent this letter was intended to serve as harassment, statements concerning a purported dislike of transgender individuals is not sufficient to state a claim. *See Robison v. Sanderson*, No. 4:19-CV-01182-AGF, 2019 WL 6115198, at *4 (E.D. Mo. Nov. 18,

4

2019). *See also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983"); *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (mere words, without more, do not invade a federally protected right; "rough language" resulting only in hurt feelings is not actionable under § 1983); *Robison v. Sanderson*, Case No. 4:19-CV-01182-AGF, 2019 WL 6115198, at *4 (E.D. Mo. Nov. 18, 2019), *appeal dismissed*, No. 20-1628, 2020 WL 5641107 (8th Cir. June 1, 2020) (rude statements and sexual slurs due to defendant's purported dislike of transgender inmate did not rise to a constitutional violation); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under § 1983)).

Plaintiff describes one instance of misgendering by Nurse Harris. Such an allegation does not support a constitutional violation under the Fourteenth Amendment as the complaint does not demonstrate that Plaintiff was treated differently than other who were similarly situated. *Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994) ("The Equal Protection Clause generally requires the government to treat similarly situated people alike."). *See also Beard v. Falkenrath*, No. 21-CV-04211-SRB, 2022 WL 3159277, at *8 (W.D. Mo. Aug. 8, 2022) (plaintiff alleged an Equal Protection claim because the defendants not only continuously refused to use the correct gender pronouns, they allegedly "subjected her to unnecessary force, stripped her clothes, and forced her to be displayed topless in front of male inmates — all conduct that similarly situated inmates are not subjected to.").

Further, to the extent the complaint could be interpreted to allege a sex discrimination claim, there are no factual allegations that can be construed as amounting to discrimination on the basis of sex, and the Court is not bound to accept Plaintiff's speculation as true. *See Twombly*, 550 U.S. at 555 (citation omitted).

As to the second claim, Plaintiff can be understood to assert a First Amendment retaliation claim against Nurse Harris. To establish such a claim, Plaintiff must show (1) she engaged in a protected activity, (2) the government official took adverse action against her that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The "ordinary firmness" test is an objective one. *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003). The relevant inquiry is not whether the plaintiff was deterred; although the plaintiff's actions might be evidence of what a reasonable person would have done. *Id*. The inquiry "is usually best left to the judgment of a jury." *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

In this case, the activity for which Plaintiff claims she suffered retaliation was the filing of a grievance against Nurse Harris. Prisoners have a First Amendment right to "petition for redress of grievances under a prison's grievance procedure." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010). "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007).

The right to be free from retaliation for availing oneself of the grievance process is clearly established in the Eighth Circuit. *Santiago*, 707 F.3d at 991. *See also Nelson*, 603 F.3d at 450 (stating "that actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983"). Here, Plaintiff clearly alleges that Nurse Harris took adverse action to retaliate against her for filing the grievance by refusing to assist Plaintiff in completing a Medicaid application form. Plaintiff's allegations are sufficient to establish, for purposes of initial review, that the adverse action would chill a person of ordinary firmness from continuing in that activity.

6

For the foregoing reasons, the Court will direct the Clerk to issue process upon Defendant Harris in her individual capacity as to Plaintiff's First Amendment retaliation claim. The Court will dismiss the remaining claims that Plaintiff purports to bring pursuant to 42 U.S.C. § 1983.

### Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. ECF No. 2. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication Plaintiff is not capable of representing herself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the sole Defendant has yet to be served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that, by **February 20, 2024**, Plaintiff must pay an initial filing fee of $30.67. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's individual capacity claims against Defendant Nurse Katie Harris for discrimination, harassment, due process, or equal protection brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** without prejudice.  A separate order of partial dismissal will be filed herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint as to Defendant Katie Harris in her individual capacity as to the First Amendment retaliation claim. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service and personally served at the address identified by Plaintiff, which is the St. Francois County Sheriff's Department, 1550 Doubet Road, Farmington, Missouri 63640.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of January, 2024.