# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELLY MCSEAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:23-CV-1706 JMB |
| KATIE HARRIS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Kelly McSean's motion for extension of time to provide the Court with a service address for Defendant Katie Harris. ECF No. 15. Plaintiff also requests the Court to send her six blank subpoena forms for the purpose of finding an address where Defendant Katie Harris can be served. *Id.* at 1.

Plaintiff commenced this action on December 21, 2023. On January 18, 2024, the Court directed the Clerk to serve process on the complaint as to Defendant Katie Harris in her individual capacity as to the First Amendment retaliation claim. ECF No. 6. The Court instructed that service be made by the U.S. Marshal's Service at the address identified by Plaintiff in the complaint, which was the St. Francois County Sheriff's Department in Farmington, Missouri. *Id.* at 8. On March 5, 2024, summons for Defendant Katie Harris was returned unexecuted with the notation: "Named person no longer works with St. Francois County. Person was third party contractor that was fired. No further information was located or provided." ECF No. 11. On March 18, 2024, the Court issued an order directing Plaintiff to provide the Court with adequate information such that Defendant Harris may be served.

In response to the Court's Order, Plaintiff sent a letter to the Clerk, dated March 27, 2024,

stating she received assistance from a third-party to help find a service address for Defendant Harris. ECF No. 14. However, such efforts were unavailing because the search "revealed several Katie Harris's in the St. Francois County area." *Id.* at 1. She further states the Jail has refused to provide her with Defendant Harris's middle initial so that she could identify the correct Katie Harris. *Id.* Plaintiff indicates the Jail has refused to "reveal 'any' information without an order to do so." *Id.* Plaintiff then filed the instant motion for extension of time to provide the Court with a service address, along with a request for six subpoena forms for the purpose of using them to discover the address of Defendant Harris. ECF No. 15.

The Court has discretion whether to grant or deny subpoenas for indigent parties. *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993). "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, 4:08-CV-1773-CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009). The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable. *Id.*

At this time, the Court will deny Plaintiff's request for six subpoenas as she has not named which third parties she would like to subpoena or whether the individuals she contemplates issuing a subpoena to are individuals who would be privy to the information she requires. Rather, because Plaintiff appears to assert the St. Francois County Sheriff's Department might have information that could lead to the discovery of Katie Harris's whereabouts, the Court will direct the Clerk to issue an alias summons for Defendant Katie Harris, for service by the U.S. Marshal's at the address Plaintiff originally provided. The Court will further order the U.S. Marshal's to seek from the St.

2

Francois County Sherriff's Department, Defendant Harris's full name, last-known contact information, including the third party contract company she worked for, the address of that company, and any alternative contact information. *See Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (stating that if a plaintiff claims the jail may have information that could lead to the discovery of a defendant's whereabouts for service, the court must order the U.S. Marshal who was serving defendant to obtain whatever information the jail might have). Service must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kelly McSean's motion for extension of time to provide the Court with a service address for Defendant Katie Harris [ECF No. 15] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall issue an alias summons for Defendant Katie Harris, for issuance of summons and complaint, and service by the U.S. Marshal's Service at the St. Francois County Sheriff's Department, 1550 Doubet Road, Farmington, Missouri 63640.

**IT IS FURTHER ORDERED** that the Clerk shall include the following special instructions on the Process Receipt and Return form: "If Harris cannot be found and personally served at the St. Francois County Sheriff's Department, the U.S. Marshal's Service shall obtain from the St. Francois County Sheriff's Department her full name, including middle initial, and whatever information that Department may have concerning Harris's whereabouts, including the third-party contract company who employed her, her last known contact information, and any alternate contact information, and then shall *re-attempt service at that location or locations*. Within

3

the Proof of Service section, the U.S. Marshal's Service must clearly state in writing whether they solicited the last known information from the St. Francois County Sheriff's Department and detail the response."

Dated this 8th day of April, 2024.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE