# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1706-JMB |
| KATIE HARRIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Kelly McSean's motion asking this Court to enter a default judgment against defendant Katie Harris pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 35. In a separate document titled, "Declaration," plaintiff seeks "an aggregate amount [of] six hundred thousand ($600,000) dollars." ECF No. 37 at 2. The Court will deny the motion, and give plaintiff the opportunity to file an appropriate motion for default judgment supported by the necessary documentation.

Plaintiff has also filed a motion to strike, ECF No. 36; a "motion for postage, materials, copies, notarial services, paper, and pens, at state's expense to indigent pretrial detainee," ECF No. 38; and a third motion for appointment of counsel, ECF No. 39. These motions will also be denied.

### Motion for Default Judgment

Defendant Nurse Katie Harris is the only defendant in this matter. After one prior unsuccessful attempt, defendant Harris was served with process on June 5, 2024 at the St. Francois County Sheriff's Department in Farmington, Missouri. ECF No. 29. Defendant Harris failed to answer or otherwise file a responsive pleading within the time required by Rule 12 of the Federal Rules of Civil Procedure. Plaintiff subsequently filed a motion seeking an entry of a Clerk's

Default against defendant Harris. ECF No. 32. On July 29, 2024, the Chief Deputy Clerk for the Eastern District of Missouri entered a Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 41.

In the motion now before the Court, plaintiff seeks an entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF Nos. 35, 37. While the Clerk's entry of default against defendant Harris was a necessary step before default judgment may be entered, it does *not* entitle plaintiff to default judgment as a matter of right. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781,783 (8th Cir. 1998) (an entry of default from the Clerk pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b)). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). *See also Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal citation omitted).

A default judgment, however, cannot be entered until the amount of the damages has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). A party entitled to judgment by default is required to prove the amount of the damages that should be awarded. *Oberster v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). Such party must establish, with reasonable certainty, the basis for the damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming district court's decision to not award damages after default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence").

2

Consequently, plaintiff will be given the opportunity to file an appropriate motion for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, should she wish to do so. **If plaintiff chooses to file such a motion, she must establish, with reasonable certainty, the basis for any damages she seeks as a result of defendant Harris's conduct.** Plaintiff may file relevant affidavits and/or declarations submitted under penalty of perjury, or other relevant materials. If plaintiff chooses to submit her own affidavit or declaration submitted under penalty of perjury in support of the motion, she shall limit herself to filing *one* such affidavit or declaration. Plaintiff may file the affidavits or declarations of other individuals, *if relevant*, but she must avoid submitting any irrelevant material. Although defendant Harris is in default, she may respond to plaintiff's submissions with respect to the amount of damages.

At present, the Court does not intend to exercise its discretion to conduct an evidentiary hearing or take oral testimony on such motion, should plaintiff choose to file it. Instead, the Court intends to decide the motion based upon plaintiff's submissions, and any response from defendant Harris, if filed. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B).").

**Motion to Strike**

Plaintiff has filed a document titled, "motion to strike," requesting "this Court to strike any pleading or motion filed after defendant Harris failed to appear, plead or otherwise defend[.]" ECF No. 36. The Court will deny this motion. As discussed above, it is permissible for defendant Harris to file a response in this action as to the issue of damages. In the event defendant Harris submits any filings related to another issue, the Court will take her requests under submission at that time.

**Motion for Postage**

Plaintiff has filed a document titled, "motion for postage, materials, copies, notarial services, paper, and pens, at state's expense to indigent pretrial detainee." ECF No. 38. Within the motion, plaintiff is requesting the Court to order the St. Francois County Detention Center to supply her with 20 stamped envelopes per month, 5 pens per month, up to 100 copies per month, and 5 pads of paper.  The Court cannot grant plaintiff's request. The St. Francois County Detention Center is *not* a party to this action and it would be inappropriate for this Court to direct a non-party to provide plaintiff with the supplies she requests. If plaintiff believes she has a cognizable claim for lack of access to the courts pursuant to 42 U.S.C. § 1983, she may file a separate civil rights action. However, plaintiff cannot seek relief from the Detention Center in this action which is brought solely against defendant Katie Harris in her individual capacity.

**Third Motion for Appointment of Counsel**

Plaintiff filed a third motion for appointment of counsel. ECF No. 39. There is no constitutional or statutory right to appointed counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

The Court continues to believe that the appointment of counsel is not warranted at this time. Plaintiff has litigated this action to a clerk's default against defendant. The Court finds plaintiff should have the ability to investigate her own alleged damages from her claim of First Amendment retaliation. As such, the pending request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kelly McSean's motion for default judgment [ECF No. 35] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall, within **thirty (30) days** of the date of this Order, file an appropriate motion for entry of default judgment, supported by all necessary affidavits and documentation, along with an appropriate proposed default judgment under Rule 55(b) against defendant Katie Harris.  Any and all affidavits, declarations signed under penalty of perjury, or other relevant materials shall be filed together with the motion. Extraneous and irrelevant material will not be considered.

**IT IS FURTHER ORDERED** that plaintiff Kelly McSean's motion to strike [ECF No. 36] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Kelly McSean's "motion for postage, materials, copies, notarial services, paper, and pens, at state's expense to indigent pretrial detainee" [ECF No. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Kelly McSean's third motion for appointment of counsel [ECF No. 39] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to defendant Katie Harris at the address specified on page 1 of ECF No. 29, the Process Receipt and Return.

**Plaintiff's failure to file an appropriate motion for default judgment within the time specified shall result in the dismissal of this action.**

Dated this 5th day of August, 2024.

>   */s/ John M. Bodenhausen*
>   JOHN M. BODENHAUSEN
>   UNITED STATES MAGISTRATE JUDGE